Todd M. Friedman (SBN 310961)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE ROSS, individually and on behalf of all others similarly situated, <br><br>Plaintiff,<br><br>vs.<br><br>NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING and DOES 1-20,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. § 1693 ET SEQ.]<br>2. CONVERSION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DALE ROSS ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA").

2. Plaintiff, individually, and on behalf of all others similarly situated,

**CLASS ACTION COMPLAINT**
-1-

brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. § 1693 *et seq*.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5. This court has supplemental jurisdiction for Plaintiff's claims for Conversion.

6. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its principal place of business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff, DALE ROSS ("PLAINTIFF"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. § 1693a(6).

8. At all relevant times herein, DEFENDANT, NEWREZ LLC DBA

SHELLPOINT MORTGAGE SERVICING ("DEFENDANT"), was a Delaware limited liability company with its principal place of business in Fort Washington, Pennsylvania, and was engaged in the business of providing Mortgage loan financing.

9. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS - EFTA**

11. Prior to September of 2019, Plaintiff entered into an agreement with Defendant, whereby Defendant would deduct funds from Plaintiff's account on a reoccurring basis to pay for her mortgage. Despite Plaintiff being automatically changed by Defendant, and despite making timely payments, Plaintiff was charged a thirty-five dollar ($35.00) late fee multiple times on a reoccurring basis, without Plaintiff's consent or authorization.

12. Defendant's automatic withdrawals caused an overdraft on

Plaintiff's bank account, causing her actual injury in the forms of additional fees.

13. Plaintiff never provided Defendant with any authorization to deduct these additional sums of money on a regular recurring basis from Plaintiff's banking account. Nor did Plaintiff owe said fees, as she was making timely payments on her loan.

14. Defendants continue to deduct this monthly sum from Plaintiff for several months without Plaintiff's authorization.

15. Further, Defendants did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these recurring or automatic payments.

16. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§ 1005.7, 1005.8, and 1005.9.

## **CLASS ACTION ALLEGATIONS**

17. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint through the date of class certification.

18. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the

CLASS ACTION COMPLAINT
-4-

one year prior to the filing of this Complaint through the date of class certification.

19. Defendants, their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

20. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

21. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

22. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

    b. Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

    c.      The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

    d.      Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendants took unauthorized payments from Class members' accounts.

23. As someone whose bank account was debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of The Class.

24. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

25. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to

such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

27. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

28. Defendants failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

29. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

30. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

31. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

32. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

33. In multiple instances, Defendants debited bank accounts of the Class

...
...
...

members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

34. In multiple instances, Defendants debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

35. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I:
## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT
**(On Behalf of Plaintiff and the Class)**

36. Plaintiff reincorporates by reference all of the preceding paragraphs.

37. Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

38. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

39. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.

The person that obtains the authorization shall provide a copy to the consumer."

40. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id*. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

41. In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

42. In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DALE ROSS, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING, for the following:

43. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

44. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

45. Actual damages;

46. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3);

47. For prejudgment interest at the legal rate; and

48. Any other relief this Honorable Court deems appropriate.

## COUNT II:
## CONVERSION
### (On Behalf of Plaintiff and the Class)

49. Conversion is the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification. *Andrichyn v. TD Bank, N.A.*, 93 F.Supp.3d 375, 389 (E.D. Pa. 2015).

50. Conversion is a strict liability tort. *Broederdorf v. Bacheler*, 129 F.Supp.3d 182, 194 (E.D. Pa. 2015). Money can be the subject of a tort of conversion. *Francis J. Bernhardt, III, O.C. v. Needleman*¸ 705 A.2d 875, 878 (Pa. Super. Ct. 1997). A plaintiff has a cause of action in conversion when he "had actual or constructive possession of a chattel or an immediate right to possession of a chattel at the time of the alleged conversion." *Chrysler Credit Corp. v. Smith*, 643 A.2d 1098, 1100 (1994).

51. By reason of the aforesaid conduct, Defendant wrongfully exercised dominion and control over Plaintiff's and Class Members' property. Defendant willfully interfered with the use and enjoyment of Plaintiff's and Class Members' property and transferred the same to themselves by virtue of coercing Plaintiff and Class Members to purchase replacement devices from Defendant.

52. As a direct and proximate result of the conversion of Plaintiff's and

Class Members' property, Plaintiff and Class Members have sustained general and special damages in an amount according to proof.

53. The conduct of Defendant was despicable, fraudulent, malicious, oppressive and in reckless and/or conscious disregard to the rights of Plaintiff and Class Members, entitling Plaintiff and Class Members to punitive and exemplary damages in an amount sufficient to punish said Defendant and deter similar wrongdoing by others.

### TRIAL BY JURY

54. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 17th day of May 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff